**WARD et al. v. HANCHETT.**

No. 8739.

Court of Civil Appeals of Texas. San Antonio.

Feb. 17, 1932.

Rehearing Denied March 16, 1932.

Thomas H. Ward, of Laredo, for plaintiffs in error.

Gibson & Blackshear, of Laredo, for defendant in error.

SMITH, J.

Plaintiffs in error, designated herein as plaintiffs, operating an insurance agency at Laredo, brought this action against defendant in error, herein called defendant, to recover the amount of premiums on insurance policies issued through plaintiffs in error by certain insurance companies represented by them. Defendant in error defeated the suit solely upon the defense that the cause of action was barred by the two-year statute of limitation.

The record shows that under their contract with their companies plaintiffs were required to remit all premiums within a specified time to the companies, less plaintiffs' commissions. Plaintiffs had the alternative privilege of recalling and returning the policies to the home office in cases where the insured failed to pay the premiums thereon to plaintiffs within such time. In this case plaintiffs delivered policies to defendant, charged his account with the premiums, and remitted the net premiums to the home office out of their own funds, trusting defendant for reimbursement. Defendant failed to pay these accounts, and plaintiffs brought suit against him thereon, but not until after the lapse of two years, yet within four years. The trial court rendered judgment that plaintiffs recover nothing, upon the holding, as stated, that the cause of action was barred by limitation of two years.

The question of the rights of an insurance agent in cases of this character, where, in the usual course, he remits net premiums to his principal and charges the whole premium to the account of the insured, does not appear to have been determined by the courts of this state.

The transaction partakes somewhat of the qualities of subrogation and of voluntary payments, and it may be said, generally, that, if the remittance of the net premium to the insurer by the agent amounts, simply, to a voluntary payment of the obligation of another, he can recover, if at all, only upon a cause of action asserted within two years.

But if by such payment the agent is fully subrogated to the rights of his principal, then his cause of action against the insured, or debtor, may be instituted at any time within four years, since the obligation of the debtor to pay the premium is founded upon a written contract, to wit, the insurance policy. Fidelity & Casualty Co. v. Callahan & Graham (Tex. Civ. App.) 104 S. W. 1073.

The transaction here involved was a simple one, and was conducted in a manner so common and universal as to require judicial notice of that custom, and upon that premise it seems that public policy should intervene to uphold the integrity of such custom and afford every reasonable remedy for the enforcement of the equitable rights of the parties to such transactions.

In this view of the case made, we hold that plaintiffs were subrogated to all the rights and remedies of the principal creditor, and, being placed in the shoes of the insurance company, their suit in this case was to recover upon an obligation founded upon the written insurance policy, and that their cause of action was thereby brought within the four-year statute of limitation (Rev. St. 1925, art. 5527). We think the case comes within the doctrine announced by Mr. Pomeroy: "When an obligation is discharged by one not primarily liable for it, but who believes himself to be acting either in performance of a legal duty, or for the protection of a legal right, or at the request of the party ultimately bound, and even in certain other cases, favored by public policy, where none of the above circumstances may be present, the party thus discharging the obligation is entitled in equity to demand, for his reimbursement, and subject to any superior equities, the performance of the original obligation, and the application thereto of all securities and collateral rights held by the creditor. The same equity which seeks to prevent the unearned enrichment of one party, at the expense of another, by actions for reimbursement, contribution, and exoneration, operates here, by creating a relation somewhat analogous to a constructive trust, in favor of the subrogee, or party making the payment, in all legal rights held by the creditor, and the subrogee may proceed to enforce the trust." 6 Pom. Eq. Jur. § 920.

The rule is more specifically declared by Mr. Joyce in his excellent work on Insurance: "§ 3580. *Subrogation of Insurers' Agent to Their Rights: Premium.*—If, as required by the terms of the contract between the insurers and one of their agents, the latter advances premiums which the insured has fail-

ed to pay, the agent will be subrogated to such rights as the insurers had by the terms of the insurance contract to recover the premiums, and it is not necessary, to enable the agent to recover, that an assignment of such rights should be made." Joyce on Ins. (2d. Ed.) § 3580.

Of course, plaintiffs' recovery would be limited to the amount of the net premiums actually paid to their principal.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

■ It was improvidently stated in the original opinion that the plaintiffs' recovery should be limited to the net premiums actually advanced by them to their principal, the insurance company. That is error. The true liability of the defendant is the full amount of the premiums involved, including the agent's commission as well as the net premiums remitted to the principal.

With this correction, plaintiffs' and defendant's motions for rehearing will be overruled.