## HANCHETT v. WARD et al.
### No. 1714—6254.

Commission of Appeals of Texas, Section A.
Nov. 28, 1933.

Gibson & Blackshear, of Laredo, for plaintiff in error.

Thomas H. Ward, of Laredo, for defendants in error.

HARVEY, Presiding Judge.

This suit was brought in a justice court in Webb county on January 16, 1930, by the defendants in error, J. W. Ward and Thomas Ward, against the plaintiff in error, Miles L. Hanchett, to recover of the latter the sum of $179.62, with interest. The justice court rendered judgment in favor of Hanchett. The Wards appealed to the 111th district court of Webb county, and judgment was there rendered in favor of Hanchett. From that judgment the Wards appealed to the Court of Civil Appeals at San Antonio. That court reversed the judgment of the district court and remanded the cause. Hanchett applied to the Supreme Court for the writ of error, which was granted on account of alleged conflict of decisions.

Briefly stated, the facts of this case are substantially as follows: During the year 1926, the Wards, as local agents for certain fire and casualty insurance companies, issued certain insurance policies to Hanchett. Under their engagement, as local agents, the Wards were required to remit all premiums, less commissions, within a specified time, to the respective companies in whose behalf they issued said policies. Under the policy provisions, they also had the privilege of recalling said policies for cancellation, in case Hanchett did not pay the premiums within such specified time. When the policies were issued, the Wards charged Hanchett's account with the amount of said premiums, and, within the time specified, remitted their own money to the insurance companies to cover the premiums due by Hanchett. In doing this, the Wards relied on Hanchett for reimbursement. Hanchett has never paid said premiums, or reimbursed the Wards for the payment made by them. The Wards' suit is for the amount of said premiums. Hanchett relies on the statute of two years' limitation for defense. The Court of Civil Appeals ruled in effect that, in paying the premiums for Hanchett, as they did, the Wards became subrogated to the rights of the insurance companies under the policies, so far as said premiums were concerned, and therefore the statute of four years' limitation governed, and not the two-year statute.

In his application for the writ of error, Hanchett claims that this ruling of the Court of Civil Appeals conflicts with the decision of the Supreme Court in Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528, and in Darrow v. Summerhill, 93 Tex. 92, 53 S. W. 680, 77 Am. St. Rep. 833, and with the decision of the Court of Civil Appeals, at Fort Worth, in Johnson, Sansom & Co. v. Fort Worth State Bank, 244 S. W. 657.

At this point it is well to note that original jurisdiction of the subject-matter of this suit lay exclusively in the justice court, with appellate jurisdiction in the county court, or a court which is authorized by law to exercise the jurisdiction of a county court. Since no question is raised in the briefs in respect to the matter, we shall assume, without examining the statutes, that the 111th district court is properly clothed with the jurisdiction of a county court. The Supreme Court, in that event, would have no jurisdiction to hear the application for the writ of error unless the conflict of decisions alleged by the plaintiff in error exists. R. S. art. 1728, and 1821, as amended by Acts 1929, c. 33, § 1 (Vernon's Ann. Civ. St. art. 1821).

In the respect to which the plaintiff in error refers, Faires v. Cockerell and Darrow v. Summerhill, have been overruled. Fox v. Kroeger, 119 Tex. 511, 35 S.W.(2d) 679, 77 A. L. R. 663. Those cases, therefore, can in no event afford a basis for a conflict with the

decision of the Court of Civil Appeals in the present case.

 The ruling in Johnson, Sansom & Co. v. Bank, supra, is to the effect that, where a mortgagor, in pursuance of the terms of the mortgage, takes out a fire policy covering the mortgaged property, payable to the mortgagee as his interest may appear, and delivers the policy to the mortgagee to be kept by him until the mortgage debt is paid, the mortgagee is not liable, under the policy, to the local agent of the insurance company for premiums paid by such agent. It is at once apparent that this ruling and the ruling of the Court of Civil Appeals in the present case do not present such a "conflict" as the statutes contemplate. For the rule by which the question of "conflict" is tested, see Layton v. Hightower, 118 Tex. 166, 12 S.W.(2d) 110.

We recommend that the application for the writ of error herein be dismissed.

CURETON, Chief Justice.

Writ of error dismissed, as recommended by the Commission of Appeals.