## DENNIS v. LAYER.

No. 10354.

Court of Civil Appeals of Texas. Galveston.

Feb. 25, 1937.

Charles H. Taylor, of Houston, for plaintiff in error.

GRAVES, Justice.

This cause comes here upon an agreed statement of facts therein, pursuant to R.S. art. 1837, and is accordingly determined thereon; it was a suit by plaintiff in error against defendant in error for a premium of $172.25 on insurance policy No. 22847 for $1,950, issued February 8 of 1930 by the Eagle, Star & British Dominion Insurance

Company, for which the plaintiff in error was agent, the same being what was known as a "pluvious policy," whereby the defendant in error, as the promoter of and under the name of "Houston Open Golf Association" of that date, was protected against rain for a golf tournament during certain specified hours on the days of February 8 and 9 of 1930; as the stipulation specifies, the agreement upon the insurance, and the issuance of the policy pursuant thereto, were completed by telegrams passing between the parties—the one being in Houston and the other in San Antonio at the time—following a preliminary arrangement between them to that effect made prior thereto in Houston; after the conclusion of such arrangement therefor, the plaintiff in error paid the stipulated premium of $172.25 upon the policy for the defendant in error and delivered the same to him; thereafter, each month he billed the latter for the stated amount of the premium, but was never able to collect same from him, the defendant in error finally responding to the requests for payment with the answer that he had suffered a loss on the tournament by reason of many of his backers therein having fallen down on their pledges to him, for which reason he could not pay the account; thereupon the matter went into the courts, first into the justice court, thence through the county court at law to this court, on appeal.

Only plaintiff in error has briefed the cause here, in which the recitation is made that the learned trial court rendered a judgment below that he take nothing, upon holdings to the effect that the policy so issued was not a contract in writing, and that the cause had been barred by the two years' statute of limitation, R.S. art. 5526, which the defendant in error had pled in defense.

On the review, this court reverses the judgment so entered below, and the facts being fully developed and agreed to, as recited supra, renders the cause in plaintiff in error's favor, upon holdings: (1) That the policy of insurance so agreed upon and passing between the parties—it having been a written one—plainly did constitute, in the circumstances, a contract in writing between insurer and insured, Fidelity & Casualty Co. v. Callaghan & Graham (Tex.Civ.App.) 104 S.W. 1073, Ward v. Hanchett (Tex.Civ. App.) 47 S.W.(2d) 360; (2) the four years' statute of limitation, R.S. art. 5527, applied in this instance rather than the cited two-year statute, this action for the premium on the policy of insurance being at least one founded upon a contract in writing, and

filed within the four-year period. Ward v. Hanchett, supra.

Reversed and rendered.