Clessie PYLE, Appellant,

v.

G. E. BYRNE, d/b/a Roseborough & Byrne, Appellee.

No. 7175.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 15, 1959.

Rehearing Denied Feb. 2, 1960.

Smith & Hall, Marshall, for appellant.

Charles A. Allen, Marshall, for appellee.

CHADICK, Chief Justice.

This is a suit upon an open account. The judgment of the trial court awarding $1,-497.28 is affirmed upon the condition that appellee remit $352.31 of the money award.

The trial court submitted the case to the jury upon the theory that liability for indebtedness accruing more than two years prior to suit was barred by Article 5526, Vernon's Ann.Civ.St., the 2-year statute of limitation. Apparently the appellee, G. E. Byrne, d/b/a Roseborough & Byrne, as plaintiff in the trial court, contended that the 4-year statute of limitation, Article 5527, V.A.C.S., should govern, and in aid of the judgment entered, such contention is urged here.

■ In form the petition sets out a cause of action upon an open account with an additional allegation that liability is based upon a contract in writing. In the interest of clarity, it should further be said that the pleadings do not allege subrogation or other theory of liability except that stated. The suit is by a local agent as such and for his own benefit for premiums on insurance policies issued by the agency to the appellant with the premium charged against the appellant upon the books of the agency. Again for clarity, the proof does not show the local agent was the insurer or that the agency paid any premium for the benefit of the insured. No written agreement of the parties was introduced in evidence. The indebtedness arose out of an oral understanding. This action is distinguishable from Ward v. Hanchett, Tex.Civ.App., 47 S.W.2d 360, wr. dis., Tex.Com.App., 65 S.W.2d 268, where recovery was allowed upon a subrogation theory, the agent having paid the premium owed by the insured, and Fidelity & Casualty Co. v. Callaghan & Graham, Tex.Civ.App., 104 S.W. 1073, where the insurance company issuing the policy sued the insured. Sec. 4 of Article

5526 which pertains to "actions for debt where the indebtedness is not evidenced by contract in writing" is clearly applicable under the facts adduced.

The appellee, for approximately eight years did a considerable volume of business with appellant, Clessie Pyle, by issuing, as agent, numerous automobile and fire insurance policies to him. The agency maintained account books reflecting the business transactions between the parties. The general method of keeping accounts was to enter each insurance policy issued together with the date, policy number, amount, description and location, expiration, and premium charge, and carry forward a daily balance. All credits and debits were entered in chronological order and credits arising as a result of payment on account, cancellation or elimination of items from coverage were credited on date of receipt and the daily balance adjusted to reflect the credit. The books were not so kept that a credit for payment on account, or for cancellation or elimination from a particular coverage would be credited against the specific policy or premium charge for that coverage but credits were applied to the balance. In other words, a running account was kept, the daily balance reflecting the application of charges and credits. The account books in evidence show a balance due of $1,497.28. Included in this balance are charges of $749.01 accruing more than two years before this suit.

Appellant contends that when insurance coverage upon an item was cancelled or the item was eliminated from coverage any return premium accruing by reason of the cancellation or removal from coverage should be credited against the original premium charge for the policy affording the coverage. The evidence shows that $1,144.-97 in premium charges accrued during the 2-year period immediately prior to filing suit on July 23, 1953, and during the same 2-year period credits of $396.70 accrued which he argues should be deducted from the total premium charges for the period. Applying his theory to these facts appellant

asserts there is no evidence to support a jury verdict for more than $748.27 nor a judgment in excess of that sum, because all charges to the account accruing more than two years before suit are barred by the 2-year statute of limitation. This contention cannot be sustained for reasons now to be given.

■■ There is an entire absence of evidence that the appellant directed the manner in which payments and credits should be applied to the account, but the record does show affirmatively that a running account was kept by the insurance agency in which the credits were applied to the balance. Under the title "Payment" in 70 C.J.S. § 72b, p. 276, is found the rule applicable to the account under review. There it is said:

"* * * the general rule is that, in the case of a running account, where there are various items of debt on one side and various items of credit on the other occurring at different times, and no special appropriation of payments has been made by either party, the successive payments are to be applied in discharge of the items of debt antecedently due, in the order of time in which they stand in the account; in other words, each item of payment is applied in extinguishment of the earliest items of debt until the payment is exhausted, * * *"

In Willis v. McIntyre, 70 Tex. 34, 7 S.W. 594 at page 597, it is said:

"Where there is a continuous account, consisting of many items, if no appropriation of payments is made by either party, they will be applied * * to the priority of time. The first item on the debt will be discharged, or so far satisfied as the first payment may extend, and in this order will every payment be appropriated."

A much later case, Aetna Casualty & Surety Co. v. Hawn Lumber Co., 128 Tex. 296, 97 S.W.2d 460, at page 465, 98 S.W.2d 167, recognizes the rule in referring to the facts of the case; there it is said:

"It is evident there was no specific application of payments to any particular part of the account or any particular estimate, but there was a crediting of payments on the account as a whole. Unquestionably, we think the law made the application to the oldest unpaid portion of the account."

And again in the paragraph following that from which the quotation is taken, it is said:

"As shown above, we conclude that there was an actual crediting of the payments upon the account as a whole, with consequent application by law to the oldest unpaid portion, * * *."

These two cases affirm the rule in this state to be in harmony with the general rule quoted. On this record it must be held that the credit of $396.70 accruing within the 2-year period prior to suit extinguishes to that extent the earlier unpaid charges of $749.01 accruing more than two years before suit.

It follows that the evidence supports a recovery of $1,144.97, the total premium charges accruing during the two years immediately preceding suit, and the judgment entered is excessive by $352.31. It therefore appears that the judgment of the trial court should be reversed only because of the excessive judgment.

In accordance with the provisions of Rule 440, Texas Rules of Civil Procedure, it is suggested that appellee file a remittitur of such excess within 10 days from the date of this opinion. If such remittitur is so filed, the judgment herein shall be reformed and affirmed in accordance therewith; but if the remittitur suggested is not filed, the judgment of the trial court is reversed and the case remanded for new trial.