Fred McCOWN, Appellant,

v.

Bill OWEN, d/b/a Bill Owen Automotive Service, Appellee.

No. 16616.

Court of Civil Appeals of Texas.

Fort Worth.

March 12, 1965.

Rehearing Denied April 16, 1965.

Elton M. Hyder, Fort Worth, for appellant.

Horace B. Sessions, Fort Worth, for appellee.

RENFRO, Justice.

Plaintiff brought suit against defendant in the nature of a verified account. An exhibit marked "A", containing 18 separate items, was attached to the petition. Defendant filed a sworn denial in which he stated he might owe a small amount of money, but due to conflicting statements by plaintiff was unable to ascertain the exact amount, that he had fully paid a number of the items claimed by plaintiff, that three designated items were so "botched" up as to be valueless to plaintiff and concluded "Except as hereinabove stated, defendant denies the verified account of plaintiff filed in this cause, and states that same is not just or true in whole or in part, and that defendant does not owe same or any part thereof * * *."

Plaintiff filed a motion for summary judgment, attaching two affidavits wherein the affiants stated the work represented by the items in the exhibit had been done and that

defendant owed plaintiff $363.64 therefor. Defendant filed a sworn reply in which he swore that he did not owe the alleged indebtedness, that a part of the indebtedness had been paid, that the work was valueless, and that the plaintiff's claim was not just in whole or in part.

The court held that the pleadings and the affidavits showed an absence of any material fact and rendered judgment for plaintiff for the indebtedness plus Seventy-five ($75.00) Dollars attorney's fee.

On appeal defendant contends material issues of fact were raised by his answer to the suit and his reply to the motion for summary judgment.

We agree.

■ The sworn account rule expressly provides that verified accounts will not constitute prima facie evidence if the resisting party files a sworn denial. The filing by the defendant of his counter affidavit denying the justice of a sworn account has the effect of neutralizing the plaintiff's affidavit; the plaintiff's account stands as though it had not been verified, and its character as prima facie evidence is destroyed. The burden

then rests on the plaintiff to prove his case as at common law.

■ We have concluded that defendant's sworn denial was sufficient to neutralize plaintiff's affidavit and that his answer to the motion for summary judgment was sufficient to put in issue the justness of all or a part of plaintiff's claim. Tucker v. Neal Oil Corp., 255 S.W.2d 302 (Galveston Civ.App., 1953, no writ hist.).

■ It was error for the court to determine a reasonable attorney's fee, even if plaintiff had conclusively established his right to recover on the verified account. Nothing was presented to the court concerning attorney's fee except the allegation in plaintiff's original petition that " * * * Plaintiff is entitled to statutory attorney's fees in the amount of $135.00, which is a reasonable amount therefor, as provided for in Art. 2226, V.A.T.S."

■ Cases dealing with the fixing of attorney's fees by the trial judge when acting as the trier of fact have no application to a summary judgment proceeding. Himes v. American Home Fence Co., 379 S.W.2d 290 (Sup.Ct., 1964).

Reversed and remanded.