**Anan GOLUB et ux., Appellants,**

v.

**T. E. NELSON, Appellee.**

**No. 225.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

April 23, 1969.

Harry H. Brochstein, Houston, for appellants.

Tom S. Williams, Firmin A. Hickey, Jr., Houston, for appellee.

TUNKS, Chief Justice.

In our original opinion we affirmed the judgment of the trial court because appellants' brief did not present a point of error meeting the requirements of Rule 418, Texas Rules of Civil Procedure. Appellant has requested and has been granted leave to file an amended brief. The amended brief so filed properly states points of error. Our original opinion is withdrawn and this opinion is substituted for it.

The plaintiff in the trial court, appellee here, filed suit for the recovery of an account for goods and services furnished the defendants and for attorney's fees. The petition was verified in accordance with Rule 185, T.R.C.P. The answer of the defendants, appellants here, consisted of first, a general denial, second, an allegation that the accounts pleaded by plaintiff failed to allow credits which the defendants were entitled to receive and which plaintiff had agreed were due and failed to allow other unspecified credits and offsets and, third, an allegation that the plaintiff's claimed account was "not just or true, in whole or in part." The attorney for the defendants executed his affidavit wherein he swore that he was cognizant of the matters recited in the defendants' first amended original answer, and "that the allegations hereinabove set forth * * * are true and correct." The appellee filed motion for summary judgment. No evidence was tendered in support of the motion for summary judgment except the plaintiff's verified petition. The trial court rendered summary judgment for the plaintiff on the account in the amount of $1,561.62 and for attorney's fees in the amount of $500.00.

One point of error stated by the appellants is to the effect that their sworn answer destroyed the evidentiary effect of the plaintiff's verified petition so that a question of fact existed as to plaintiff's right to recover on its account. We overrule that point of error. The affidavit attached to defendants' answer was not confined to the denial that plaintiff's account "was just or true, in whole or in part." It was an affidavit to the effect that the general denial and the plea in confession and avoidance, as well as the denial of the justness of plaintiff's account, were true. A party has the right, under Rule 48, T.R.C.P., to allege alternative and inconsistent claims or defenses. However, in those situations in which a pleading, to be effective, must be verified, the verification must be positive and unequivocal. McDonald, Texas Civil Practice, Vol. 2, p. 505. A purported verification of two or more inconsistent or alternative does not meet that requirement.

By another point of error the appellants contend that the trial court erred in rendering judgment for attorney's fees. We sustain that point of error. Though the plaintiff's verified petition was, absent a properly verified denial, evidence of the right to recover on the account, itself, it was no evidence of the reasonableness of any particular sum as attorney's fees. The affidavit attached to plaintiff's pleading is that of the plaintiff, himself. He swears that the account pleaded is just and true, is due and that all offsets, payments and credits have been allowed. There is no affidavit by anyone showing himself to be qualified to do so and expressing an opinion as to the reasonableness of the attorney's fees sought to be recovered. Under such circumstances the trial court erred in rendering summary judgment for the attorney's fees. Himes v. American Home Fence Co. (Tex.Sup.Ct.), 379 S.W.2d 290; McCown v. Owen (Tex.Civ.App.), 389 S.W.2d 191, err. dismd.

The judgment of the trial court is reversed and the cause is remanded.