**Fred RIZK, Appellant,**

v.

**FINANCIAL GUARDIAN INSURANCE AGENCY, INC., Appellee.**

**No. 17246.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 7, 1978.

Rehearing Denied Jan. 4, 1979.

Day & Elliott, Richard H. Elliott, Dallas, for appellant.

Ronald G. Wiesenthal, Houston, for appellee.

PEDEN, Justice.

This is an appeal from the granting of a summary judgment in favor of Financial Guardian Insurance Agency, Inc. (Agency) in a suit on a sworn account for insurance premiums. The trial court also granted the Agency's motion for an attorney's fee after considering evidence at a later hearing.

The Agency filed this suit against Fred Rizk and three others, individually and doing business as Sheraton-Safari Inn and as Cert, alleging that it sold the Inn certain insurance policies, that the Inn was $11,-450.98 in arrears, that demand had been made, that thirty days thereafter payment had not been made, so it became necessary to hire an attorney. Attached to the Agency's sworn pleadings were a statement of the account and a summary. The statement indicates that the beginning dates of the policy periods ranged between July 5, 1974 and June 31, 1975. This suit was filed on August 22, 1977. The petition contains an affidavit that meets the requirements of Rule 185, Texas Rules of Civil Procedure.

In response to the Agency's petition, Fred Rizk's amended answer stated:

1.

Defendant denies each and every, all and singular the material allegations contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence as required by law.

## 2.

Each and every item in Plaintiff's account attached to the Original Petition as Exhibit "A" is not just or true in whole or in part. Defendant did not request Plaintiff to furnish the items listed therein or agree or promise to pay plaintiff for the charges shown therein.

## 3.

Defendant asserts his affirmative defense of failure of consideration.

## 4.

Plaintiff's cause of action on its account, or a part thereof, is barred by the applicable two year statute of limitations, and accordingly should be dismissed.

## 5.

Defendant denies Plaintiff is entitled to recover any attorney's fees in this cause, and furthermore denies that $4,000.00 is a reasonable attorney's fee.

Attached to this answer was Mr. Rizk's affidavit that "the foregoing Amended Original Answer and that the facts and statements contained therein are true and correct of his own personal Knowledge."

The trial court granted summary judgment in the amount sued for plus interest and court costs, awarded attorney's fees in the amount of $2500, and severed the cause against Fred Rizk from the original suit.

Rule 185 of the Texas Rules of Civil Procedure, entitled "Suit on Sworn Account", states in pertinent part:

When any action or defense is founded upon an open account or other claim for goods . . . based upon written contract or founded on business dealings between the parties . . . on which a systematic record has been kept, and is supported by the affidavit of the party. . . . the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall . . . file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items

are not just and true . . . When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any items therein, as the case may be.

Rule 93(k) of the Texas Rules of Civil Procedure also prescribes the words to be used in the sworn denial:

(k) That an account which is the foundation of the plaintiff's action, and supported by the affidavit, is not just; and, in such case, the answer shall state that each and every item is not just or true, or that some specific item or items are not just and true.

Mr. Rizk contends that his answer complies with these rules, thus putting the validity of the figures relied upon by the Agency in issue.

A defendant's verified denial of the correctness of a plaintiff's sworn account destroys the probative force of the itemized account attached to the petition and forces the plaintiff to put on proof of his claim. *J. E. Earnest & Co. v. Word*, 137 Tex. 16, 152 S.W.2d 325 (1941); *Burrus Mills, Inc. v. Hein*, 399 S.W.2d 950, 951 (Tex.Civ.App.1966, writ ref'd n. r. e.). If a defendant files an answer not in compliance with Rules 93(k) and 185, he is not permitted to deny the plaintiff's claim or any item therein. *Collins v. Kent-Coffey Mnfg. Co.*, 380 S.W.2d 59 (Tex.Civ.App.1964, writ ref'd n. r. e.).

Although Mr. Rizk's answer that the account "is not just or true in whole or in part" is not in strict compliance with Rules 93(k) and 185, "in whole or in part" is construed as a denial of the whole with the additional words being simply surplusage. 1 McDonald, Texas Civil Practice 240, § 7.31 (1970).

The Agency maintains that because Mr. Rizk filed inconsistent verified pleas, the validity of his allegation that each and every item of the Agency's account was not just or true is destroyed. To support its position, the Agency relies on the cause of *Golub v. Nelson*, 441 S.W.2d 220 (Tex.Civ. App.1969, no writ). In that suit on a sworn

account the defendant's answer consisted of a general denial, an allegation that the accounts pleaded failed to allow a credit which he was entitled to receive, and an allegation that the plaintiff's claim was "not just and true, in whole or part." An affidavit stated "that the allegations hereinabove set forth * * * are true and correct." The court held that the answer did not destroy the evidentiary effect of the plaintiff's verified petition. "It was an affidavit to the effect that the general denial and the plea in confession and avoidance, as well as the denial of the justness of plaintiff's account, were true. A party has the right, under Rule 48, T.R.C.P., to allege alternate and inconsistent claims or defenses. However, in those situations in which a pleading, to be effective, must be verified, the verification must be positive and unequivocal. McDonald, Texas Civil Practice, Vol. 2, p. 505 (now found at 2 McDonald Texas Civil Practice 39, § 5.15.1). A purported verification of two or more inconsistent or alternative defenses does not meet that requirement."

■ In our case the defendant explained his denial that each and every item in the plaintiff's account was just or true by alleging that he had neither requested the insurance in question nor promised to pay for it. Since Rizk's sworn general denial (the first paragraph of his answer) was not an effective response to the plaintiff's verified petition on a sworn account, his explanation did not amount to a denial that the insurance policies in question were requested by an authorized party with Sheraton-Safari Inn who promised to pay for it.

We overrule the first point of error.

■ In his second point of error, Mr. Rizk contends that a fact issue was raised as to whether the Agency's cause of action, or a part thereof, is barred by the two-year statute of limitations. That statute, Art. 5526, V.T.C.S., includes a provision that there shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward:

5. Actions upon stated or open accounts, other than such mutual and current

accounts as concern the trade of merchandise between merchant and merchant, their factors or agents. In all accounts, except those between merchant and merchant, as aforesaid, their factors and agents, the respective times or dates of the delivery of the several articles charged shall be particularly specified, and limitation shall run against each item from the date of such delivery, unless otherwise specifically contracted.

The appellee contends that the recovery of insurance premiums is controlled by Article 5527, which provides:

There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing.

Mr. Rizk offered no summary judgment evidence in support of his affirmative defenses. In a frequently—cited opinion, *Yelton v. Bird Lime & Cement Co.*, 161 S.W.2d 353 (Tex.Civ.App., 1942, writ ref'd w. o. m.), it was stated:

It seems to be well settled that . . . a defendant, in the absence of a sworn denial of the account as provided in Art. 3736 [now Rule 185], may prove that the account has been paid, or that it is barred by limitation . . . .

Thus, regardless of whether Mr. Rizk's denial met the requirements of Rule 185, he was entitled to show that the account is barred by limitations.

■ In this case, the defendant need not offer proof that the insurance policies were issued more than two years before this suit was filed. The allegations of the plaintiff's petition are judicial admissions binding on it and thus constitute summary judgment evidence against it even though, as pleadings, they are not summary judgment evidence in favor of the plaintiff. *Douglas v. First State Bank of Athens*, 538 S.W.2d 179, 181 (Tex.Civ.App.1976, no writ), citing *Safety Casualty Co. v. Wright*, 138 Tex. 492, 160

**114**

S.W.2d 238, 245 (1942), and *Canales v. Bank of California,* 316 S.W.2d 314, 318 (Tex.Civ. App.1958, writ ref'd n. r. e.).

It is clear from the Agency's petition and sworn account that it commenced this suit more than two and less than four years after the insurance policies went into effect.

 *Charlie Thomas Courtesy Ford, Inc. v. Sid Murray Agency,* 517 S.W.2d 869 (Tex. Civ.App.1975, writ ref'd n. r. e.), was also a suit by an insurance agency on a sworn account for insurance premiums. The court held at page 876:

> . . . The trial court concluded that the applicable period of limitation was four years and that no part of the transactions sued upon was barred by limitations. That conclusion does not state what statute it is based on. We believe, however, that the trial court's conclusion can be upheld on the basis of Art. 5527, V.A.C.S., which allows four years to bring an action for debt where the indebtedness is evidenced by or founded upon any contract in writing. The contracts in writing here, of course, are the insurance policies and the suit for payment of premiums on these policies is governed by Art. 5527, supra. *Dennis v. Layer,* 103 S.W.2d 440 (Tex.Civ.App.—Galveston 1937, no writ); *Ward v. Hanchett,* 47 S.W.2d 360 (Tex.Civ.App.—San Antonio 1932, error dism'd, Tex.Com.App., 65 S.W.2d 268).

We conclude that Art. 5527, the four-year statute of limitations, is the applicable statute.

 In his last point of error, Mr. Rizk contends that the trial court erred in awarding an attorney's fee. Article 2226 provides:

> Any person . . . having a valid claim against a person or corporation for . . . suits founded upon a sworn account or accounts, or *suits founded on oral or written contracts,* may present the same to such persons or corporation . . ; and if, at the expiration of 30 days thereafter, payment . . . has not been tendered, the claimant may, if represent-

ed by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. (emphasis added)

We affirm the judgment of the trial court.