Glacier CRAWFORD, et al., Appellants,

v.

PULLMAN INCORPORATED, et al., Appellees.

No. C2939.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 11, 1982.

Abraham Levit and Soffar & Levit, Bellaire, for appellants.

Glenn H. Steele, Jr., and Patterson, Boyd, Lowery & Anderholt, Houston, for appellees.

Before MILLER, MORSE and JAMES, JJ.

JAMES, Justice.

Appellant, Glacier Crawford, d/b/a G. Crawford Delivery, appeals from the granting of a summary judgment in favor of appellee, Pullman, Incorporated, Trailmobile Division. We reverse and remand.

Appellee, plaintiff in the court below, brought suit against appellant on a sworn account pursuant to Tex.R.Civ.P. 185. The account was based on two lease agreements providing for the rental by appellant of five pieces of equipment owned by appellee. Appellant's First Amended Original Answer contained a verified denial which complied substantially with the requirements of Rule 185. It also contained allegations that there had been a failure of consideration and that all payments and credits had not been allowed pursuant to the lease. Appellee subsequently filed a motion for summary judgment under Tex.R.Civ.P. 166–A in which it alleged that the verified copies of the lease agreements and an affidavit of its branch manager constituted sufficient summary judgment evidence to establish a prima facie case in its favor. Appellant filed a written response to the motion wherein he asserted that his verified answer set out affirmative defenses to plaintiff's petition; however, this response did not point out the existence of any fact issues nor did it have attached to it any evidence to support his contentions. Based on the evidence before it, the trial court granted appellee's motion and entered judgment that defendant was indebted to plaintiff in the liquidated principal amount of $16,164.04 plus interest in the amount of $1,373.94, and $1,000 in reasonable attorney's fees. Appellant appeals from that judgment.

Appellant complains in his two points of error that the trial court erred in granting the summary judgment and in finding that no fact issue existed in this cause. Because Rule 166–A requires a determination of the former before the latter, we will first consider appellant's second point of error.

■ In support of his second point of error, appellant argues that the mere raising of an affirmative defense as was done in his amended answer was sufficient to defeat the motion for summary judgment. Appellant's reliance on two cases for that proposition is misguided: In *Stevenson v. Reese*, 593 S.W.2d 828 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n. r. e.), we held, in fact, that an affirmative defense can be utilized by the non-movant to raise "a genuine issue as to any material fact" and thereby defeat the motion for summary judgment. However, we continued by stating that when the non-movant is relying on an affirmative defense for this purpose, he must present sufficient written evidence to give rise to an issue of fact. See *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), wherein the court held that the non-movant must expressly present to the trial court any reasons seeking to *avoid* movant's entitlement, such as those set out in Rules 93 and 94, and he must present summary judgment proof when necessary to establish a fact issue. In the instant case, appellant's amended answer contained only allegations that there was a failure of consideration and that all payments and credits had not been allowed. No proof in the form of affidavits, interrogatories, admissions or depositions was introduced to support the alleged existence of these facts.

Appellant, relying also on *Cloys v. Turbin*, 608 S.W.2d 697 (Tex.Civ.App.—Dallas 1980, no writ), states: "In responding to the Motion for Summary Judgment, the respondent [sic] needs only to be sufficient to raise an issue of fact to an element or elements to negate Movant's Summary Judgment evidence." This language used by appellant does not correctly track the language of the court in *Cloys*. There, the motion for summary judgment was filed by the defendant in the case. The court stated as follows:

Further, the controverting summary judgment *evidence* introduced by the

non-movant need only be sufficient to raise an issue of fact with respect to the element or elements negated by the movant's summary judgment evidence; it need not be sufficient to meet the burden of persuasion that the non-movant plaintiff would have at trial. 608 S.W.2d at 700. (Emphasis ours)

In the case before us, the motion was filed by plaintiff-appellee. At trial, appellant would have the burden of going forward with the evidence to to prove his affirmative defenses by a preponderance of the evidence. Although his burden to raise a fact issue in support of his response would not have been as great, some evidence of the existence of a fact issue was required. None was here presented to the trial court. Because appellant waived his affirmative defenses by failing to introduce any evidence in their support, we cannot consider those issues on appeal.[1]

■ We next consider, under appellant's first point of error, whether appellee was entitled to judgment as a matter of law. It is well established that a defendant's verified denial of the correctness of a plaintiff's sworn account in the form required by Rule 185 destroys the evidentiary effect of the itemized account attached to the petition and forces the plaintiff to put on proof of his claim. *Rizk v. Financial Guardian Ins. Agency, Inc.*, 584 S.W.2d 860 (Tex.1979). Because a verified denial was filed in the case at bar, appellee was thus required to prove his case as at common law. *Rizk, supra; Texas Hauling Contractors Corp. v. Rose Sales Co.*, 565 S.W.2d 240 (Tex.Civ.App.—Corpus Christi 1978, no writ); *McCown v. Owen*, 389 S.W.2d 191 (Tex.Civ.App.—Fort Worth 1965, writ dism'd); *Davis Bumper to Bumper, Inc. v. American Petrofina Co. of Texas*, 420 S.W.2d 145 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.); *Opryshek v. McKesson & Robbins, Inc.*, 367 S.W.2d 357 (Tex.Civ.App. —Dallas 1963, no writ); *J. E. Earnest & Co. v. Word*, 137 Tex. 16, 152 S.W.2d 325 (1941, judgmt. adopted).

■ This suit is based on two lease agreements, copies of which were attached to the original petition and the motion for summary judgment. At the bottom of each of the leases appears the following statement: "I, Phillip J. Alvarez, duly sworn as a notary public do hereby testify that these are exact duplicates of the originals." However, reference is made on the front of the leases in two separate places to a reverse side. It is undisputed that a copy of the reverse side was neither attached to the original petition nor introduced in support of the summary judgment. In the second instance, the lease provides as follows: "The terms and conditions set forth above *and on the reverse side hereof* constitute the entire agreement between the parties...." We are aware that some contracts contain a clause of this kind to signify that the contract is the complete agreement of the parties so as to guard against a party's contentions that another oral agreement existed between the parties. This may well be the significance of the above clause in these leases. However, it is not for this court to speculate whether this is in fact, the case or whether the "terms and conditions" are in the nature of conditions precedent to the formation of the contract or the liability thereunder. The court in *Texas International Airlines v. Wits Air Freight*, 608 S.W.2d 828 (Tex.Civ.App.— Dallas 1980, no writ), found itself in precisely this situation.

In *Texas International Airlines, supra*, the suit was upon an airbill, the front side of which was introduced as part of the plaintiff's summary judgment proof. The front side of the airbill contained the recital "Conditions of the Contract appear on the back of the Airbill." The court, basing its holding on several insurance policy cases wherein only the certificate of insurance was introduced and reference was made therein of a group policy, held that it was

---

1. Tex.R.Civ.P. 166–A(c) provides in pertinent part:

   Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.

not the function of that court or of the trial court to speculate as to the agreement of the parties. The court stated: "When a party sues upon an instrument, and that instrument affirmatively shows upon its face that it is subject to, and not merely cumulative of, terms and conditions found in another instrument, both must be introduced." 608 S.W.2d at 830. In the instant case, appellant contends that several charges on the account, attributed on the invoice to "trailer damages" were not liquidated damages. He thus argues that they are not subject to a suit on a sworn account because Rule 185 requires damages to be liquidated when the claim is based on a written contract. The "terms and conditions" found on the reverse side of these leases could have made provisions for claims arising out of damages to the vehicles. These terms could have provided for damages to be liquidated. Nevertheless, because these terms and conditions were not introduced into evidence so as to prove that the damages were liquidated, we find that appellee was not entitled to a judgment as a matter of law. A genuine issue of material fact exists making summary judgment improper. Accordingly, we reverse the judgment and remand the case to the trial court.