Affirmed and Majority and Dissenting Opinions filed May 6, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00490-CV

___________________

 

Susan Wheeler, Appellant

 

V.

 

Honorable Mayor William White, Chief Harold
Hurtt, and Officers’ Civil Service Commission, Appellees



 



 

On
Appeal from the 281st District Court

Harris County,
Texas



Trial Court Cause No. 2005-25844

 



 

 

MAJORITY OPINION

            Susan Wheeler, an officer
with the Houston Police Department (“HPD”), appeals from the trial court’s
dismissal of her lawsuit against appellees, Houston Mayor William White, Police
Chief Harold Hurtt, and the Police Officers’ Civil Service Commission.  In her
lawsuit, Wheeler sought declaratory and injunctive relief regarding the
calculation of her promotion-eligibility score, such scores being used to
determine promotions within HPD.  Appellees filed a motion to dismiss, alleging
that Wheeler did not have standing to bring the lawsuit and the trial court did
not have jurisdiction to entertain the lawsuit.  The trial court granted the
motion.  In two issues, Wheeler contends that the trial court erred in
determining that (1) the court lacked jurisdiction, and (2) she lacked standing. 
We affirm.

I.  Background

            Wheeler is an HPD sergeant seeking
promotion to the rank of lieutenant.  Pursuant to the Meet and Confer Agreement
between the Houston Police Officer’s Union (“HPOU”) and the City of Houston,
promotions within HPD are determined based on candidates’ comparative scoring
on a number of preset elements, including an independent assessment or
evaluation, seniority, written testing, and education attainment.  In her
lawsuit, Wheeler complains that HPD misinterpreted the Meet and Confer
Agreement and thereby miscalculated her total score for a certain promotional
period.  Specifically, she contends that HPD erred in not giving her credit for
having earned a master’s degree after having completed the written test. 
Apparently, HPD interprets the scoring rules as freezing the educational
attainment criteria as of the time of the written testing.  Wheeler further
contends that had she received proper credit for her degree, she would have
been promoted to lieutenant.

            In
her pleadings, Wheeler sought a temporary restraining order to prevent the
alleged wrongful depravation of her property rights to promotion.  She also
sought a declaratory judgment interpreting the Meet and Confer Agreement such that
postgraduate degrees awarded prior to completion of assessment scoring would be
included in a candidate’s total score.  Appellees filed a motion to dismiss
alleging, as will be explained more fully below, that the trial court did not
have jurisdiction and that Wheeler did not have standing.  The trial court
granted the motion and dismissed Wheeler’s lawsuit without specifying the
grounds therefor.

 

II.  Standing

In their motion to dismiss, appellees asserted, inter
alia, that Wheeler does not have standing to sue under the Meet and Confer
Agreement.  In her response, Wheeler contended that she does have standing to
sue under the agreement.  Standing is a constitutional prerequisite for a party
to bring a lawsuit.  Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 444 (Tex. 1993).  The issue of standing focuses on the question of
who may bring a lawsuit.  Patterson v. Planned Parenthood, 971 S.W.2d
439, 442 (Tex. 1998).  Standing is a prerequisite to subject matter
jurisdiction, and a trial court must have subject matter jurisdiction in order
to entertain a particular case.  Bland I.S.D. v. Blue, 34 S.W.3d 547,
553-54 (Tex. 2000).  A court has no jurisdiction over a claim pursued by a
plaintiff who lacks standing to assert the claim.  DaimlerChrysler Corp. v.
Inman, 252 S.W.3d 299, 304 (Tex. 2008).  When a plaintiff lacks standing,
the proper resolution is to dismiss the lawsuit.  Id.  Generally, the
scope of review on appeal from the grant of a motion to dismiss is limited to
the grounds raised in the motion.  Williams v. Nealon, 199 S.W.3d 462, 464-65
(Tex. App.—Houston [1st Dist.] 2006, no pet.).

A.  Meet & Confer Agreement

As stated, both sides base their standing arguments
on the Meet and Confer Agreement between the City and HPOU.  Under provisions
of the Texas Local Government Code, if the Meet and Confer Agreement satisfies
certain criteria, then it preempts Aall
contrary local ordinances, executive orders, legislation, or rules adopted by the
state or a political subdivision or agent of the state.@  See Tex. Loc Gov=t Code ' 143.361.  Furthermore,
once these criteria are met, the agreement is enforceable and binding on the
employer, the bargaining agent (HPOU), and the employee police officers
(including Wheeler).  See id. § 143.359.  The criteria in question are
as follows:

 

 

(1)  HPOU qualifies as a
“bargaining agent” under section 143.352(1);

(2)  the agreement was made
pursuant to Chapter 143, Subchapter J, of the Local Government Code;

(3)  the agreement has been
ratified by a majority vote of the City of Houston’s governing body; and 

(4)  the agreement has been
ratified by a majority vote in an election held by HPOU under section 143.360.

Tex. Loc. Gov’t Code §§
143.352, 143.359-.361.

Although neither Wheeler nor appellees offered
evidence below to establish that the Meet and Confer Agreement met these criteria,
both assert the validity, enforceability, and applicability of the agreement in
their standing arguments.  Furthermore, Wheeler not only doesn’t contest the
enforceability and applicability of the agreement, she is specifically suing to
enforce its provisions.  Her very cause of action is premised on the enforceability
of the Meet and Confer Agreement.  If the agreement is not controlling, then
she has no cause of action.  In other words, the applicability of the agreement
is an element of proof for Wheeler.  Because Wheeler premised her cause of
action on the enforceability of the agreement, she has judicially admitted its
enforceability for purposes of this lawsuit.  See, e.g., Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 905 (Tex. 2000) (“A judicial
admission must be a clear, deliberate, and unequivocal statement . . . and
occurs when an assertion of fact is conclusively established in live pleadings
. . . .”) (internal punctuation and citation omitted).  Because of Wheeler’s
judicial admission, appellees were relieved from having to prove the
enforceability of the agreement in making their arguments on standing.  See
id. (“A judicial admission not only relieves an adversary from making proof
of the fact admitted but also bars the party himself from disputing it.”) (internal
punctuation omitted).  We premise our opinion on the Meet and Confer
Agreement’s satisfaction of the Local Government Code criteria and its
effective operation as a statute.

            A party suing
under a statute, or as here an agreement with the force of a statute, must
establish standing, or the right to make a claim, under that statute or
agreement.  See Exxon Corp. v. Emerald Oil & Gas Co., No. 05-0729,
2009 WL 795760, at *4 (Tex. May 27, 2009).  In other words, the agreement itself
provides the framework for the standing analysis.  Cf. id.  We will not
imply a right of enforcement simply because a party suffered harm from a breach
of the agreement; we look to the intent as expressed in the document.  Cf.
id.

            Moreover, what is typically referred to
as “standing” in a contractual context, i.e., “standing” to sue on the
contract, is not the same as standing in the jurisdictional sense, even though
the analyses of the two types of standing contain similar elements.  See Yasuda
Fire & Marine Ins. Co. of Am. v. Criaco, 225 S.W.3d 894, 898 (Tex.
App.—Houston [14th Dist.] 2007, no pet.).  Here, there is no practical distinction,
however, because the agreement in question operates as a statute and trumps all
conflicting rules and legislation.  See Tex. Loc Gov=t Code ' 143.361.

B.  Evidence

As indicated, the substance of the parties’ standing
arguments requires reference to the provisions of the Meet and Confer Agreement. 
Appellees attached portions of the agreement to their motion to dismiss as well
as to a supplemental motion.  Wheeler quoted a different portion of the
agreement in her response to the motion.  Neither side provided a complete copy
of the agreement.  Therefore, a question arises as to whether we can properly
analyze the agreement in the absence of a complete copy.

Generally, in interpreting contracts or other
documents, we examine the writing as a whole in an effort to harmonize and give
effect to all provisions so that none is rendered meaningless.  See rePipe,
Inc. v. Turpin, 275 S.W.3d 39, 44 (Tex. App.—Houston [14th Dist.] 2008, no
pet.).  However, the Texas Supreme Court has held that this rule does not
necessarily apply in the context of analyzing the right to sue under a contract. 
See Tex. Farmers Ins. Co. v. Murphy, 996 S.W.2d 873, 879 (Tex.
1999); Paragon Sales Co. v. New Hampshire Ins. Co., 774 S.W.2d 659, 661
(Tex. 1989).  In Murphy and Paragon Sales, the court explained
that in order to prove a right to sue under an insurance policy, a plaintiff
was required to establish only those provisions of the policy allowing
recovery.  Murphy, 996 S.W.2d at 879; Paragon Sales, 774 S.W.2d
at 661.  Upon such proof, it was incumbent upon the defendant to plead and
prove any provisions that would bar recovery.  Murphy, 996 S.W.2d at
879; Paragon Sales, 774 S.W.2d at 661.  Although these cases involved
insurance contracts, their method of proof is readily adaptable in disputes
concerning other types of contracts.[1]
 Indeed, in the jurisdictional context, the Texas Supreme Court has not placed
the sole burden of producing evidence on either the party urging standing or
jurisdiction or the party contesting standing or jurisdiction.

In Texas Department of Parks and Wildlife v.
Miranda, the supreme court explained that when a dilatory plea, such as a
plea to the jurisdiction or similar procedural device, challenges the existence
of material facts supporting jurisdiction, the court must consider the relevant
evidence submitted by the parties.  133 S.W.3d 217, 227 (Tex. 2004).  If the
evidence is undisputed or fails to raise a question of fact, the court should
rule on the plea as a matter of law.  Id. at 228.  After a defendant
asserts, and supports with evidence, that the court lacks subject matter
jurisdiction, the plaintiff must show a disputed fact issue exists in order to
avoid dismissal for want of jurisdiction.  Id.  The court further
explained that the standard for such jurisdictional disputes “generally mirrors
that of a [traditional] summary judgment.”  Id.  That a court’s
jurisdictional analysis is framed by the parties’ arguments and competing
evidence is further illustrated by the supreme court’s opinion in Bland
Independent School District v. Blue, 34 S.W.3d 547 (Tex. 2000).  In Bland,
a standing case, the court stated that there are times when a plaintiff must
produce evidence to prove jurisdiction in response to a defendant’s
jurisdictional challenge.  34 S.W.3d at 554.  Specifically, the court in Bland
relied on the fact that the plaintiff did not dispute the veracity of certain
evidence produced by the defendant.  Id. at 555.  The court, indeed,
took that evidence as conclusive of certain essential facts.  Id. at
555-56.

Here, appellees filed
their motion to dismiss and attached portions of the agreement that they deemed
relevant to the analysis.  In response, Wheeler cited to a different portion of
the agreement (the preamble) as being relevant to the analysis.  Ultimately, there
is no dispute by the parties that all portions of the agreement relevant to the
jurisdictional analysis are in the record.  See, e.g., C & C
Partners v. Sun Exploration and Prod. Co., 783 S.W.2d 707, 714 (Tex.
App.—Dallas 1989, writ denied) (“Although the entire contract should be
considered so that its parts are interpreted together with all other parts, the
parties’ intent concerning a particular matter may be determined from only one
portion of the contract.”).  Wheeler, specifically, has not complained in the
trial court or on appeal regarding the absence of any portion of the agreement
from the record.  In other words, the parties dispute only the interpretation
of the evidence provided; they do not complain that any relevant portion was
omitted.  Consequently, under Murphy, Paragon Sales, Miranda,
and Bland, the evidence provided is sufficient for a determination on
standing.[2]

C.  Analysis

Finally, we turn to the parties’ assertions
concerning standing.  In arguing that Wheeler lacked standing to assert her
claims, appellees specifically cited article 5 of the Meet and Confer Agreement
wherein it states that:  “A challenge to any term of this Agreement either by
interpretation and/or application which applies to an officer or to the MBA
[Majority Bargaining Agent], may be filed only by the HPOU, in its capacity as
the MBA or the City.”[3] 
This is exactly what Wheeler is trying to do in this case:  challenge an
interpretation of the agreement and its application to her.  In her petition,
Wheeler expressly asserts that appellees are misinterpreting and misapplying
the promotional scoring rules contained in the agreement, and she seeks a
declaratory judgment stating that “postgraduate degrees (earned prior to the
completion of . . . assessment scoring) count toward points to be factored into
[the] overall score, as contemplated by the express terms of the agreement.” 
In her brief, she repeatedly emphasizes that the point of her lawsuit is to
obtain an interpretation of the scoring rules of the agreement.  Thus,
Wheeler’s bringing of the present lawsuit runs contrary to the express language
in the agreement permitting only the City and HPOU to file challenges
implicating the interpretation or application of terms of the agreement to
officers such as Wheeler.

 

In her response to the motion, Wheeler quoted from
the agreement’s preamble in arguing that she was an intended third-party
beneficiary of the agreement entitled to bring suit to enforce its provisions. 
The quoted portion states:  “The parties to this Agreement are [HPOU] as the
sole and exclusive Majority Bargaining Agent for and on behalf of all Police
Officers of [HPD] and the City of Houston, Texas (City).”  While the preamble
does state that HPOU entered the contract “for and on behalf of all” HPD
officers, the preamble says nothing about an individual police officer being
able to sue.  In fact, it could be read as supporting the conclusion that because
HPOU is operating “for and on behalf of” police officers, the officers
themselves may not be authorized to act on their own behalf.  However, we need
not go that far in deciding this case.  Article 5 states that only HPOU can
challenge the interpretation or application of the agreement.  It does not
state that HPD officer’s cannot sue the City for any employment reason
whatsoever; it merely restricts officers ability to sue over an interpretation
or application of the agreement.  Wheeler does not raise any further arguments
in support of her standing to bring these claims.[4]
 Accordingly, the trial court did not err in holding that Wheeler did not have
standing to pursue her claims.  We overrule Wheeler’s second issue.

Because we affirm the trial court’s holding that
Wheeler does not have standing to bring her claims, we need not consider the
court’s holding that it did not have jurisdiction over those claims. 
Consequently, we also overrule her first issue.

We affirm the trial
court’s order of dismissal.[5]

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Yates and Frost. (Frost, J. dissenting)

 









[1] As the court explained in
Paragon Sales, there are particular reasons for allowing this method of
proof in the insurance context, including that a third-party beneficiary
attempting to establish standing would frequently have less access to policy
documentation than would the insurer.  774 S.W.2d at 661.  However, the
existence of reasons unique to the insurance context does not necessarily mean
that the methodology would be inapplicable in other contexts.





[2] The dissent maintains
that we are constrained from considering a partial contract under our prior
holding in Crawford v. Pullman, Inc., 630 S.W.2d 377 (Tex. App.—Houston
[14th Dist.] 1982, no writ).  The key issue in Crawford was whether a
plaintiff in a suit on a sworn account was entitled to summary judgment when
only portions of the two contracts between the parties were offered as summary
judgment evidence and the defendant filed a verified denial.  Id. at
379.  The partial lease agreements provided to the court each referenced “terms
and conditions . . . on the reverse side hereof,” but the plaintiff failed to
provide the reverse sides of the agreements.  Id.  In finding that the
absence of the referenced terms and conditions prevented summary judgment, we
relied on a factually similar case from the Dallas Court of Appeals, in which
the court stated:

Here, the terms of the
contract . . . may have been materially modified by the “conditions” found on
the reverse side . . . .  When a party sues upon an instrument, and that
instrument affirmatively shows upon its face that it is subject to, and not
merely cumulative of, terms and conditions found in another instrument, both
must be introduced.

See Tex. Int’l Airlines v.
Wits Air Freight, 608 S.W.2d 828, 830 (Tex. Civ. App.—Dallas 1980, no
writ).

The circumstances of the present case are readily
distinguishable from those faced in Crawford and Texas International. 
To begin with, unlike in Crawford and Texas International, there is
no indication in the present case that there are potentially relevant portions
of the agreement missing from the record.  To the contrary, the portions
presented appear to be directly on point and self-contained regarding the right
to sue under the agreement.  Moreover, the issue here, as it was in Murphy
and Paragon Sales, is whether a party had the right to sue under a
contract, not, as in Crawford and Texas International, whether a
party had proven a right to recover on a sworn account.  A suit on a sworn
account will typically require examination of all terms and conditions within
an agreement, whereas a determination of standing to sue on an agreement will
often be resolved by reference to only particular portions of the agreement. 
Consequently, we find that our prior decision in Crawford does not
control the disposition of the right-to-sue issue currently before us.





[3]
Appellees further point to a latter section of article 5, placed after a
discussion of the challenge process, which includes arbitration.  This section
states:  “No appeal lies to a District Court for either party except for fraud,
collusion or unless the arbitrator exceeded his/her jurisdiction.”





[4] To the extent Wheeler’s
briefing can be interpreted as arguing that she has standing under the 
Declaratory Judgments Act (DJA) to seek an interpretation of the agreement
irrespective of limitations on such actions contained in the agreement itself,
this argument fails for at least two reasons.  First, the DJA does not create
jurisdiction where jurisdiction would not otherwise exist.  Tex. Civ. Prac.
& Rem. Code § 37.003(a); Tex. Natural Res. Conservation Comm’n v.
IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002); Medina v. Benkiser, 262
S.W.3d 25, 28 (Tex. App.—Houston [1st Dist.] 2008, no pet.); City of Houston
v. Clark, 252 S.W.3d 561, 568 (Tex. App.—Houston [14th Dist.] 2008, no
pet.).  Second, the Meet and Confer Agreement preempts “all contrary local
ordinances, executive orders, legislation, or rules adopted by the state or a
political subdivision or agent of the state.@ 
See Tex. Loc Gov=t
Code ' 143.361.  Thus,
the agreement’s restriction on who can bring an action seeking interpretation
of the agreement would trump any alleged standing on the matter premised on the
DJA.





[5] We have previously held
that when a party is found to lack “standing” to sue under a contract, the
proper disposition is to render a take-nothing judgment rather than to dismiss
the case for want of jurisdiction.  See Yasuda Fire, 225 S.W.3d at 898. 
However, as discussed in detail above, we are assuming in the present case,
based on the parties’ representations, that the agreement in question operates
as a statute.  See Tex. Loc Gov=t
Code ' 143.361. 
Consequently, dismissal was proper under the facts of this case.  See
generally Inman, 252 S.W.3d at 304.