**PARAGON SALES CO., INC.,**
Petitioner,

v.

**NEW HAMPSHIRE INSURANCE COMPANY, Respondent.**

No. C–8665.

Supreme Court of Texas.

June 28, 1989.

H.C. McCracken, Carrollton, for petitioner.

James Brandon Bradley, Dallas, for respondent.

## PER CURIAM.

Paragon Sales Company (Paragon), a distributor of gas barbeque grills, filed suit against New Hampshire Insurance Company seeking recovery for the value of goods lost in transit on a public motor carrier, Arkansas Express, Inc. During April of 1981, Paragon ordered nearly $3,000 worth of assorted barbeque equipment from Arkla Industries, Inc., who shipped the goods via Arkansas Express. The equipment never reached its destination. Paragon reordered the goods and filed a claim for reimbursement from Arkansas Express. Arkansas Express maintained insurance coverage on the freight it carried with respondent, New Hampshire Insurance Company (New Hampshire). Arkansas Express subsequently filed Chapter 11 bankruptcy, but at all times listed Paragon as a creditor.

After submitting the claim directly to the insurance company and receiving no action, Paragon filed this action alleging the right to recover as a third party beneficiary of the insurance contract. A bench trial ensued at which the trial court rendered a take-nothing judgment against Paragon, holding that the applicable statute of limitations barred the recovery.

On appeal, Paragon argued that its claim was not barred by the statute of limitations. The court of appeals, in an unpublished opinion, without addressing the statute of limitations issue, affirmed the trial court on a ground never argued by either party—the failure of Paragon to establish standing to bring a direct action suit as a third party beneficiary. The court of appeals held that Paragon failed to present any evidence of an indemnity contract between New Hampshire and Arkansas Express. The court of appeals concluded that "because the insurance policy was never introduced into evidence, the evidence is legally insufficient to establish Paragon's standing to bring a direct action suit as a third party beneficiary."

A third person not a party to a contract may have a cause of action to enforce the contract if the contract was made for that person's benefit. *See, e.g., Dairyland County Mut. Ins. v. Childress,* 650 S.W.2d 770, 775 (Tex.1983); *Quilter v. Wendland,* 403 S.W.2d 335, 337 (Tex.1966); *Knox v. Ball,* 144 Tex. 402, 191 S.W.2d 17, 21 (1946). In such a case, the third party must establish the existence of a contract and his right to recover thereunder.

During discovery, New Hampshire answered affirmatively when queried whether Arkansas Express was its policyholder, and such answer was read into evidence at trial. In addition, although the entire insurance contract is not contained in the record, an indemnity endorsement and a notice to the Interstate Commerce Commission were introduced into evidence without objection by New Hampshire. Both documents refer to a policy, MC96–65–27, issued by New Hampshire to Arkansas Express. The endorsement recites February 8, 1979 as the effective date of the coverage included therein, and the notice to the ICC states that coverage was cancelled as of February 9, 1982. The loss occurred during April of 1981, within the coverage period established by these documents. The endorsement establishes that New Hampshire agreed to insure items shipped on Arkansas Express in the amounts of $5,000 per item, $10,000 per incident of loss. These documents also expressly provide for recovery by parties shipping goods, irrespective of whether Arkansas Express is insolvent or in bankruptcy. The court of appeals admitted that the admission by New Hampshire was "some evidence of an insurance policy," but stated that the endorsement and notice constituted no evidence as to the indication of the

type of insurance, the effective dates of the policy, or the limitations of the policy.

 Texas law does not require that a plaintiff seeking recovery under an insurance policy must introduce the entire policy into evidence to prove the terms of the contract. *See McConnell Construction Co. v. Insurance Co. of St. Louis,* 428 S.W.2d 659, 662 (Tex.1968). Proof of the provisions allowing recovery of the plaintiff is sufficient to confer standing to sue. Any exemptions, exceptions, or exclusions that would limit or deny the plaintiff's recovery must be pled as affirmative defenses by the defendant insurer. In *McConnell Construction,* this court quoted with approval from *Standard National Insurance Company v. Bayless,* 338 S.W.2d 313 (Tex.Civ.App.—Beaumont 1960, writ ref'd n.r.e.), "the very nature of the suit [between the insured and the insurer] puts the [insurer] who holds the instruments upon notice to produce them." *McConnell Construction,* 428 S.W.2d at 662. In a situation such as the case at bar, a third party beneficiary is even less likely than the insured to have access to the original documents. Once, as here, the third party produces some evidence to establish standing as a third party beneficiary of a contract, it is incumbent on the opposite party to plead and prove the provisions of the contract, if any, that would limit or bar recovery of the third party beneficiary. Having not presented them to either court below, the respondent has waived the effect of any such provisions.

 The petitioner has presented some evidence to confer standing as a third party beneficiary under the indemnity contract between New Hampshire and Arkansas Express. The holding of the court of appeals, requiring the entire insurance contract to be introduced into evidence, is in conflict with *McConnell Construction.* We therefore grant the application for writ of error and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands this

cause to that court for further consideration. *See* Tex.R.App.P. 133(b).