TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00656-CV






Income Apartment Investors, L.P., and Randolph Income


Apartment Investors, Series V, L.P., Appellants



v.



Building Diagnostics, Ltd., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 95-02715-B, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 







 Appellants Income Apartment Investors, L.P. and Randolph Income Apartment
Investors, Series V, L.P. challenge the trial court's rendition of a take-nothing summary judgment
against their negligent misrepresentation claims against Building Diagnostics, Ltd.
("Diagnostics"). We will affirm the judgment.

 Appellants' suit arises out of their purchase of an apartment building at auction. 
The auction information packet, which the seller gave to appellants, included an inspection report
prepared previously by Diagnostics for the seller's lender stating that the apartments had copper
wiring. After the purchase, appellants learned that the wiring was instead aluminum, which
appellants contend reduced the value of the complex. Appellants sued Diagnostics and others
involved in the sale for this and other misrepresentations, contending that the misrepresentations
damaged them by artificially inflating the purchase price. The trial court granted Diagnostics'
motion for summary judgment "on the basis of no causation because of the 'as is' and similar
language contained in the real estate contract executed by Plaintiff."

 Appellants raise two issues on appeal. First, whether an entity who is neither a
party to the contract nor a beneficiary of the contract can rely on the "as is" provision of the
contract to receive summary judgment against a claim for negligent misrepresentation. Second,
whether an entity may rely on the "as is" provision of the contract to receive summary judgment
in a claim for negligent misrepresentation when the entity made misrepresentations that were
relied on in forming the contract.

 We review the summary-judgment record to determine whether the movant
established the absence of a genuine issue of material fact and entitlement to judgment as a matter
of law. See Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678 (Tex.1979). We view the record and its reasonable inferences in the light most
favorable to the nonmovant and resolve against the movant all doubts about the existence of a
genuine issue of a material fact. Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply
Co., 391 S.W.2d 41, 47 (Tex. 1965). In the interest of judicial economy, we may consider other
summary-judgment grounds that the movant preserved for review and on which the trial court did
not rule. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 626 (Tex. 1996).

 Diagnostics raised many grounds for summary judgment. Grounds not expressly
ruled on include contentions that Diagnostics' representation was not made in connection with
the sale of the apartments, that Diagnostics owed no duty to appellants, and that Diagnostics did
not seek to acquire any benefit from the sale and did not receive any benefit from the sale. The
express "as is" grounds for the motion relied on three passages from the contract. In paragraph
13.A of the contract between appellant Income Apartment Investors ("purchaser") and the sellers,
the purchaser represented as follows:


 (1) Purchaser is purchasing the Property in its "AS IS, WHERE IS" condition with
no warranties by Seller as to merchantability, suitability or fitness for any
particular use, it being understood and agreed that Purchaser is relying solely on
its own inspections, engineering studies and reports, economic and feasibility
studies and examinations of the Property and Purchaser's own determination of the
condition of the Property.



(Emphasis supplied.) In paragraph 20, the sellers (not Diagnostics) and purchasers made the
following disclaimer (in all capitals in the contract):


 A. Except as otherwise specifically stated in this agreement, Seller hereby
specifically disclaims any warranty, guaranty, or representation, oral or written,
past present, or future of, as to, or concerning the nature and condition of the
property, including, without limitation, the water, soil, and geology, and the
suitability thereof and of the property for any and all activities and uses which
purchaser may elect to conduct thereon.


 B. Purchaser acknowledges that having been given a sufficient opportunity to
inspect the property, purchaser is relying solely on its own investigation of the
property and financial analysis of the revenue and expenses that may be received
or incurred in arriving at its decision to purchase the property and that purchaser
is purchasing the property in its present condition, "as is, where is", and seller
has no obligation to construct any improvements thereon, or to perform any other
act regarding the property, except as expressly provided herein.


(Emphasis supplied.) Finally, in paragraph 42, the purchaser made the following waiver:


 To the extent applicable and permitted by law (and without admitting such
applicability), Purchaser, as a material inducement to Seller to enter into this
Purchase and Sale Agreement and the transactions contemplated herein, hereby
waives the provisions of the Texas Deceptive Trade Practices-Consumer Protection
Act, Chapter 17, Subchapter E, Sections 17.41 through 17.63, inclusive (other
than Section 17.555, which is not waived), as well as the right to assert a claim
under Chapter 27 of the Texas Business and Commerce Code or under any other
similar statute or enactment. As a further material inducement to Seller to enter
into this Purchase and Sale Agreement and the transactions contemplated herein,
Purchaser represents and warrants to Seller that Purchaser is acquiring the Property
for commercial or business use, has knowledge and experience in financial and
business matters that enable Purchaser to evaluate the merits and risks of the
transactions herein contemplated, has bargained for and obtained a purchase price
and other terms under this Purchase and Sale Agreement which makes the
acceptance of a Purchase and Sale Agreement which substantially limits its
recourse against the Seller acceptable and has been and will continue to be
represented by counsel in connection with the transactions contemplated herein. 



 Appellants contend that Diagnostics cannot benefit from the "as is" clause because
it was not a party to the sales contract, citing Paragon Sales Co. v. New Hampshire Ins. Co., 774
S.W.2d 659, 660 (Tex. 1989). They contend this distinction renders inapplicable the leading case
on the protection of "as is" clauses, Prudential Ins. Co. v. Jefferson Assoc., Ltd., 896 S.W.2d
156, 161 (Tex. 1995) ("as is" clause "prevents a buyer from holding a seller liable" (emphasis
supplied)). Appellants also contend that Diagnostics cannot use the "as is" provision in the
contract to escape liability because Diagnostics' misrepresentations induced them to enter the
contract. See id. at 162 (fraudulent representation or concealment of facts in inducement to
contract can obviate liability waiver of "as is" provision).

 We conclude, however, that on the particular facts of this case, Diagnostics is
entitled to the protection of the "as is" clause. Because the buyer received Diagnostics' report
only through the seller by the report's inclusion in the auction packet (without Diagnostics'
permission), Diagnostics' representation seems, for this purpose, to be a representation by the
seller. The disclaimer of reliance on representations by the seller thus encompasses the packaged
representation by Diagnostics. The buyer did more than merely disclaim reliance on the seller's
representations; the buyer affirmatively stated that it was "relying solely on its own inspections,
engineering studies and reports." (Emphasis supplied.) The use of the word "solely" disclaims
reliance on inspections, studies, and reports prepared by anyone other than the buyer. Because
Diagnostics prepared the report for the seller's lender, Remsen Partners, Ltd., but not the buyer,
and did not consent to the buyer being shown the part of the report containing the copper-wire
representation, the buyer's statement disclaims reliance on Diagnostics's report. This is in line
with the holding in Prudential that, when property that a buyer purchases "as is" does not meet
his expectations, "the sole cause of a buyer's injury in such circumstances, by his own admission,
is the buyer himself." 896 S.W.2d at 161.

 Even if we are incorrect and Diagnostics could not rely on the "as is" clause in the
sales contract, the take-nothing summary-judgment motion proposed another meritorious basis. 
To prevail in an action for negligent misrepresentation, a plaintiff must prove that: (1) the
defendant made the representation in the course of its business or in a transaction in which it has
a pecuniary interest; (2) the defendant supplied false information for the guidance of others in
their business; (3) the defendant did not exercise reasonable care or competence in obtaining or
communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying
on the representation. Federal Land Bank Ass'n v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991)
(citing Restatement (Second) of Torts § 552(1) (1977)). The maker of the representation's liability
is limited to a loss suffered:


 (a) by the person or one of a limited group of persons for whose benefit and
guidance he intends to supply the information or knows that the recipient intends
to supply it; and


 (b) through reliance upon it in a transaction that he intends the information to
influence or knows that the recipient so intends or in a substantially similar
transaction.


Restatement (Second) of Torts § 552(2) (1977). The uncontroverted evidence showed that
Diagnostics prepared the report for Remsen, the seller's lender, to assist in their decision to
refinance the loans to the sellers. On page four of the report, Diagnostics stated the following:


 Building Diagnostics, Ltd. expressly reserves its common law copyright and other
property rights in this report. This report is not to be reproduced, changed or
copied in any form or manner whatsoever, nor is it to be assigned to any third
party without first obtaining the express written permission and consent of Building
Diagnostics, Ltd.



Diagnostics granted the sellers permission to show buyers only the environmental-assessment
section of the report, not the architectural and engineering assessment section. The letter states
"This letter serves as your authorization to allow prospective purchasers to view the Phase I
Environmental Site Assessments." Further, the letter states that, though the authorization allows
prospective viewers to view the documents, "[i]t does not authorize prospective purchasers to rely
upon these documents." The copper-wire representation was in the architectural and engineering
section, not the environmental site assessment. There is no allegation or evidence that Diagnostics
had a pecuniary interest in the sale of the apartments; to the contrary, appellants consistently argue
under issue one that Diagnostics is not a party to the sales contract. Diagnostics prepared its
report for a different purpose and for a different party. Not only did Diagnostics not intend for
its report to be passed along to other parties in other transactions, but it stated in the report that
the report was not to be passed along without its permission.

 The summary-judgment evidence shows that Diagnostics made the representations
about the nature of the wiring for the lender Remsen with no intention that appellants or any other
buyers rely upon it. The evidence also shows that appellants expressly disclaimed reliance upon
anyone else's representations and proclaimed sole reliance on their own inspections and reports. 
Either way, the take-nothing summary judgment is not erroneous. We affirm the judgment.



 
 

 Marilyn Aboussie, Justice

Before Justices Aboussie, Jones and Kidd

Affirmed

Filed: August 13, 1998

Do Not Publish



entations; the buyer affirmatively stated that it was "relying solely on its own inspections,
engineering studies and reports." (Emphasis supplied.) The use of the word "solely" disclaims
reliance on inspections, studies, and reports prepared by anyone other than the buyer. Because
Diagnostics prepared the report for the seller's lender, Remsen Partners, Ltd., but not the buyer,
and did not consent to the buyer being shown the part of the report containing the copper-wire
representation, the buyer'