In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00133-CV


______________________________




MICHELLE ROMANS, Appellant



V.



ALLSTATE COUNTY MUTUAL INSURANCE COMPANY, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 99-C-0826-202




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Michelle Romans appeals the trial court's judgment in favor of Allstate Insurance
Company. In her petition, Romans alleged that she suffered injuries in an automobile
collision with Charnell Moore; that Moore was negligent; that Moore's negligence was the
proximate cause of Romans' injuries; that Moore was covered by an insurance policy with
a policy limit of $25,000.00; that Moore's insurer paid Romans $25,000.00 under the policy;
that Romans was covered by an underinsured motorist policy with Allstate; and that
Allstate was liable under that policy for Romans' damages in excess of $25,000.00. 

 The case was tried to a jury, and at the end of trial, the jury was asked whether
Moore's negligence, if any, proximately caused the collision. The jury answered
affirmatively. The jury was also asked what sum of money would fairly and reasonably
compensate Romans for her injuries, if any. The jury assessed her damages at
$14,025.00. Based on the jury's answers, the trial court rendered judgment in favor of
Allstate.

 At trial, Romans offered evidence that Moore caused the collision, that she
(Romans) suffered a back injury in the collision, and that she sustained medical costs
associated with her injuries. On appeal, Romans contends the trial court erred in
sustaining Allstate's objections to certain exhibits Romans attempted to introduce at trial
that, according to Romans, would have provided evidence her damages were greater than
the jury ultimately found. Although we do not agree the trial court erred, we need not reach
the issue because, as Allstate observes, the trial court's judgment can be upheld on
Romans' failure to introduce evidence in support of her breach of contract claim.

 No judgment may be reversed on appeal on the ground that the trial court made an
error of law unless the court of appeals concludes the error complained of 1) probably
caused the rendition of an improper judgment, or 2) probably prevented the appellant from
properly presenting the case to the court of appeals. Tex. R. App. P. 44.1(a). The
elements of a breach of contract claim are: 1) the existence of a valid contract; 2)
performance or tendered performance by the plaintiff; 3) breach of the contract by the
defendant; and 4) damages to the plaintiff resulting from the breach. Taub v. Houston
Pipeline Co., 75 S.W.3d 606, 615 (Tex. App.-Texarkana 2002, pet. filed); Frost Nat'l Bank
v. Burge, 29 S.W.3d 580, 593 (Tex. App.-Houston [14th Dist.] 2000, no pet.). While Texas
law does not require a plaintiff suing under an insurance policy to introduce the entire
policy into evidence, the plaintiff must at least introduce the provisions of the policy
allowing recovery. Paragon Sales Co. v. N.H. Ins. Co., 774 S.W.2d 659, 661 (Tex. 1989);
see Tex. Farmers Ins. Co. v. Murphy, 996 S.W.2d 873, 879 (Tex. 1999).

 In the present case, Romans did not present any evidence that she had an
insurance policy with State Farm or that the policy contained an underinsured motorist
provision. Therefore, even if the trial court erred in excluding the exhibits about which
Romans complains, the error did not cause the rendition of an improper judgment because
Romans failed to introduce evidence of a valid contract in support of her breach of contract
claim.

 The judgment is affirmed.



 Donald R. Ross

 Justice


Date Submitted: July 16, 2002

Date Decided: August 22, 2002


Do Not Publish